Franceschi, Demandante y Apelante, v. Rodríguez, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre reducción de precio en pago de fincas rústicas.

No. 2012.—Resuelto en diciembre 4, 1919.

Venta de Fincas por Precios Distintos—Precio Alzado—Disminución de Cabida—Causa de Acción.—Cuando en una escritura de venta de dos fincas rústicas, con cabidas y colindancias distintas, que no se ha realizado a tanto por unidad de medida o número, se consigna que *constituye el precio de la venta la suma ajustada de $12,500 cuyo precio se distribuirá entre ambas fincas en la forma en que habían sido valoradas, a saber: una de ellas en $7,750.40 y la otra en $4,749.60*, es preciso concluir que la venta se efectuó por *precios distintos,* y que, por tanto, debiendo regirse la misma por el primer apartado del artículo 1374 del Código Civil, tales hechos no dan causa de acción al comprador para que el vendedor descuente del precio aplazado la parte proporcional a la disminución de cabida que resultó de la mensura.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Libertad Torres Grau* y *Tomás Torres Pérez.*

Abogados del apelado: Sres. *López de Tord* y *Zayas Pizarro.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante, Alejandro Franceschi, contra la sentencia que en 26 de febrero del corriente año 1919 pronunció la Corte de Distrito de Ponce, declarando sin lugar la demanda sin especial condenación de costas, desembolsos y honorarios de abogado, por el fundamento de que los hechos en ella alegados no determinan una causa de acción.

Los hechos alegados en la demanda que debemos aceptar como ciertos a los fines de la excepción previa opuesta a ella por el demandado, son los siguientes:

Por escritura pública de 12 de enero de 1917, el demandado Benigno Rodríguez vendió al demandante Alejandro Franceschi dos fincas rústicas formadas por agrupación de otras, situadas ambas en el barrio de Cedro, término municipal de Peñuelas, que designaremos con las letras A y B, la primera de ellas, o sea la letra A, con cabida de 77 cuerdas 38 céntimos, bajo las colindancias que se expresan, con dos casas de madera y zinc y una casita también de madera techada de paja, y la segunda, o sea la letra B, con cabida de 237 cuerdas 48 céntimos, cuyas colindancias también se precisan y determinan.

En la escritura se consignó que la finca letra A se valoraba en $7,750.40 y la letra B en $4,749.60, y que constituye el precio de la venta la suma ajustada de $12,500, precio que se distribuye entre ambas fincas en la forma en que han sido valoradas.

Como la venta se efectuó a plazos, el comprador, con el consentimiento de su esposa, constituyó primera hipoteca a favor del vendedor, debiendo responder la finca letra A de $5,000 de capital, $450 para intereses y $350 para gastos y costas, y la finca letra B de $2,500 de capital, $150 para intereses e igual suma para costas y gastos.

Practicada la mensura de ambas fincas para cerciorarse el comprador de la exactitud de su cabida, resultó la finca letra A con una cabida de 73 cuerdas 42 céntimos, cantidad menor en 3 cuerdas 96 céntimos a la cabida de 77 cuerdas con 38 céntimos en que se había vendido, y la finca letra B con una cabida de 208 cuerdas con 34 céntimos, o sea, con una diferencia de 29 cuerdas y 14 céntimos con relación a las 237 cuerdas 48 céntimos en que había sido vendida.

Notificado el demandado de la diferencia de cabida que había en el terreno vendido se negó a hacer en el precio la rebaja proporcional que de él exigía el demandante.

Con tales hechos por base, el demandante presentó demanda contra el demandado para que éste fuera condenado por sentencia a rebajar del último plazo del precio de las

fincas pendiente de pago, la suma de $1,314.10, valor de las 33 cuerdas 10 céntimos que había de menos en la cabida de las dos fincas vendidas.

A la anterior demanda opuso el demandado la excepción previa de que sus alegaciones no determinaban una causa de acción, y declarada con lugar dicha excepción por resolución de 4 de febrero de 1919, recayó sentencia en 26 del propio febrero, en los términos al principio indicados.

El presente caso se regula por el artículo 1374 del Código Civil a que cada una de las partes da la interpretación que favorece a sus pretensiones. El artículo citado dice así:

"Art. 1374.—En la venta de un inmueble, hecha por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del mismo, aunque resulte mayor o menor cabida o número de los expresados en el contrato.

"Esto mismo tendrá lugar cuando sean dos o más fincas las vendidas por un solo precio; pero si además de expresarse los linderos, indispensables en toda enajenación de inmuebles, se designaren en el contrato su cabida o número, el vendedor estará obligado a entregar todo lo que se comprenda dentro de los mismos linderos, aun cuando exceda de la cabida o número expresados en el contrato; y si no pudiere, sufrirá una disminución en el precio proporcional a lo que falte de cabida o número, a no ser que el contrato quede anulado por no conformarse el comprador con que se deje de entregar lo que se estipuló."

El artículo transcrito contiene en su apartado 1°. una regla general consistente en que cuando se trate de la venta de un inmueble por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del precio aunque la cabida o número resulten mayor o menor de los expresados en el contrato. La anterior regla, que no contiene excepción alguna pues está concebida en términos absolutos, fué hecha extensiva en el párrafo primero del 2°. apartado del mismo artículo, al caso de que se trate de dos o más fincas vendidas *por un solo precio* y a ese mismo caso y no al comprendido en el primer apartado del artículo 1374, fué que se puso la excepción con-

signada en el 2º. párrafo del 2º. apartado, al establecer que cuando además de expresarse los linderos se designan en el contrato su cabida o número, el vendedor estará obligado a entregar todo lo comprendido dentro de los mismos linderos, aun cuando exceda de la cabida o número expresados en el contrato, y si no pudiere sufrirá una disminución en el precio proporcional a lo que falte de cabida o número a no ser que el contrato quede anulado por convenir así al comprador.

El apartado 2º. del artículo 1374 no hace provisión alguna para el caso de que se vendan dos o más fincas por *distintos precios,* pues claramente se refiere al caso de que dos o más fincas sean vendidas *por un solo precio,* es decir, cuando haya una sola venta, un solo contrato, y un solo acto transmisorio de una pluralidad de cosas raíces. Scaevola, tomo 23, p. 511.

En el caso sometido a nuestra consideración no se trata de dos fincas rústicas vendidas por un solo precio sino por precios distintos, a saber, una de ellas, la letra A, por precio de $7,750.40, y la otra, letra B, por precio de $4,749.60, expresándose la cabida de ambas y sus respectivas colindancias. Y no importa que en la escritura de 12 de enero de 1917 se consigne que constituye el precio de la venta la suma ajustada de $12,500, pues a la vez se expresó que ese precio se distribuiría entre ambas fincas en la forma en que habían sido valoradas, a saber, una de ellas en $7,750.40 y la otra en $4,749.60, cuyas partidas dan la anterior suma de $12,500. Fué la intención de las partes que cada finca tuviera su valor propio.

Hubo venta de dos fincas por precios distintos, aunque sólo se extendiera un documento o título que fué la escritura de 12 de enero de 1917; y así como si se hubieran otorgado dos títulos independientes, la venta consignada en cada uno de ellos se hubiera regido por el primer apartado del artículo 1374, ese mismo apartado debe aplicarse a la venta de dos fincas por distintos precios consignada en un mismo

título o documento. La circunstancia de haberse otorgado un solo·documento para la venta de dos fincas, que como hemos dicho fueron vendidas *por precios distintos* y no *por un solo precio,* no puede producir efectos legales diversos de los que hubiera producido el otorgamiento de dos documentos, para constatar la venta de cada una de las dos fincas.

En síntesis, el presente caso ha de gobernarse por el apartado primero del artículo 1374 del Código Civil, según el cual no puede prosperar la pretensión de que se descuente del precio de las fincas vendidas la parte proporcional correspondiente a lo que falta de cabida. Y nos abstenemos de dar consideración a la extensión y alcance que pueda tener el segundo párrafo del 2º. apartado del mismo artículo, cuando se trata de dos o más fincas vendidas por un solo precio con expresión de linderos y con designación de cabida o número. ·

Es de confirmarse la sentencia apelada.

> *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.